UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 18-cr-90-RWP

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Robert Phillip Ivers,<br><br>        Defendant. | **DEFENDANT'S MEMORANDUM OF LAW SUPPORTING HIS MOTION TO EXCLUDE ATTORNEY-CLIENT PRIVILEGED INFORMATION** |

## INTRODUCTION

The charges against Defendant Robert Phillip Ivers are based on a single phone call between Mr. Ivers and his attorney, Witness A. That communication is attorney-client privileged. Mr. Ivers claims his privilege over all communications with Witness A. No exception to the privilege applies. Mr. Ivers respectfully requests that the Court (1) exclude all attorney-client privileged communications between him and Witness A; and (2) preclude Witness A from testifying to those communications.

## FACTS

Witness A is licensed to practice law in the State of Minnesota. Witness A was a volunteer attorney with the *Pro Se* Project, and was assigned to assist Mr. Ivers with refiling a civil lawsuit dismissed by a federal judge of this district. On or about February 27, 2018, Witness A called Mr. Ivers to discuss refiling the civil lawsuit. While the two were discussing the case, Mr. Ivers expressed his dissatisfaction with the judge who originally dismissed his lawsuit. This communication was made in confidence and solely for the

purpose of securing Witness A's legal services. Mr. Ivers did not seek Witness A's advice in furtherance of the commission of a crime or fraud. Mr. Ivers has not waived his privilege. Mr. Ivers asserts his privilege over all communications with Witness A.

## ARGUMENT

"In the absence of a relevant federal rule, statute, or constitutional provision, federal common law governs questions of privilege in federal criminal proceedings." *United States v. Yielding*, 657 F.3d 688, 706–707 (8th Cir. 2011) (citing Fed. R. Evid. 501; *United States v. Espino*, 317 F.3d 788, 795 (8th Cir. 2003)). The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). "This privilege protects confidential communications between a client and her attorney made for the purpose of facilitating the rendition of legal services to the client." *Yielding*, 657 F.3d at 707 (citing *United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984)). "The privilege belongs to and exists solely for the benefit of the client." *Id*. (citing *Henderson v. United States*, 815 F.2d 1189, 1192 (8th Cir. 1987)). "Generally, it is well established under common law that confidential communications between an attorney and a client are privileged and not subject to disclosure absent consent of the client." *Horvath*, 731 F.2d at 562 (citing *In re Berkley & Co., Inc.*, 629 F.2d 548, 552 (8th Cir. 1980)).

The party invoking the attorney-client privilege has the burden of establishing that the privilege applies. *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985). "The attorney-client privilege extends only to confidential communications made for the purpose of facilitating the rendition of legal services to the client." *Horvath*, 731 F.2d at 561; *see*

*Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 601–602 (8th Cir. 1977) (discussing the elements of the attorney-client privilege). An attorney-client communication is not privileged "when the lawyer is consulted to *further* a continuing or contemplated criminal or fraudulent scheme[.]" *Horvath*, 731 F.2d at 562 (emphasis added) (citing *In re Murphy*, 560 F.2d 326, 337 (8th Cir. 1977)). "To overcome a claim of privilege using the 'crime-fraud' exception, the government must merely make a prima facie showing that the legal advice has been obtained in furtherance of an illegal or fraudulent activity." *Id*. (citations omitted).

Witness A is licensed to practice law in the State of Minnesota. The *Pro Se* Project assigned Witness A to represent Mr. Ivers in a civil lawsuit. There was an attorney-client relationship between them. On February 27, 2018, Witness A called Mr. Ivers with the sole purpose of discussing the civil lawsuit. The phone call was made in confidence for the purpose of Mr. Ivers obtaining legal services from Witness A. The entire phone call is attorney-client privileged. Mr. Ivers claims the privilege over *all* communications with Witness A. He has not waived that privilege. Witness A may not waive the privilege for him.

During the phone call with Witness A, Mr. Ivers may have expressed anger or dissatisfaction with the judge who dismissed his civil lawsuit. Mr. Ivers, like every other American, is free to express his frustration with the legal system. That is his First Amendment right. Witness A, like any other attorney, is free to disagree with a client's opinion. That is Witness A's right. But Witness A cannot waive Mr. Ivers' privilege over

3

a privileged communication without his consent. The privilege belongs exclusively to Mr. Ivers.

The crime-fraud exception does not apply to any communication between Mr. Ivers and Witness A. There is no allegation that Mr. Ivers sought or obtained Witness A's legal advice in *furtherance* of a crime or fraud. Mr. Ivers was simply venting about an adverse court ruling. His allegedly threatening statement made to his attorney, Witness A, is shielded by the attorney-client privilege. *See*, *e.g.*, *In re Grand Jury Investigation*, 902 N.E.2d 929 (Mass. 2009) (attorney-client privilege protected communications by client to attorney threatening to harm judge after adverse ruling, and crime-fraud exception did not apply); *State v. Boatwright*, 401 P.3d 657 (Kan. Ct. App. 2017) ("client's threat to kill his ex-fiancée, made during communications between client and attorney while discussing a plea offer, was covered by the attorney-client privilege."). The Government cannot satisfy its burden.

The entire February 27, 2018 communication between Mr. Ivers and Witness A is privileged. All communications between Mr. Ivers and Witness A must be excluded, and Witness must be precluded from testifying to any privileged communications. Witness A may not be compelled to testify over Mr. Ivers' objection.

## CONCLUSION

For the foregoing reasons, Mr. Ivers respectfully requests that the Court grant his motion, exclude all attorney-client privileged communications between him and Witness A, and preclude Witness A from testifying to any attorney-client privileged communications.

**KELLEY, WOLTER & SCOTT, P.A.**

Dated: May 18, 2017

By: *s/Brett D. Kelley*_____
Daniel M. Scott (#98395)
Brett D. Kelley (#397526)
Centre Village Offices, Suite 2530
431 South Seventh Street
Minneapolis, MN  55415
Tel: (612) 371-9090
Fax: (612) 371-0574
Email: dscott@kelleywolter.com
Email: bkelley@kelleywolter.com

*Attorneys for Robert Phillip Ivers*