UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-90 (RWP/CFB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **RESPONSE IN OPPOSITION TO** |
| v. ) | **MOTION FOR REVOCATION OF** |
| ) | **DETENTION ORDER** |
| Robert Phillip Ivers, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Julie E. Allyn, Assistant United States Attorney, hereby submits its response to defendant Robert Phillip Ivers' motion to revoke the detention order issued on April 24, 2018 by Magistrate Judge Alice R. Senechal in the Eastern District of North Dakota. (Doc. No. 20). Magistrate Judge Senechal properly detained the defendant based on the determination that the government had established by clear and convincing evidence that release would result in a danger to the community, and had demonstrated by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the defendant's appearance in court as required. For the reasons set forth below, the government respectfully requests that the defendant's motion for revocation of his detention order be denied.

I.     **Factual and Procedural Background**

On April 17, 2018, the defendant was indicted by a grand jury in the District of Minnesota and charged with one count of Threatening to Murder a Federal Judge, in violation of 18 U.S.C. § 115(a)(1)(B), and one count of Interstate Transmission of a Threat to Injure

the Person of Another, in violation of 18 U.S.C. § 875(c). Both counts involve the same threat to murder a specific federal judge for the District of Minnesota.

Defendant was arrested on these charges on April 20, 2018, in North Dakota. Following his arrest, Defendant appeared before Magistrate Judge Senechal in the Eastern District of North Dakota for an initial appearance on the Indictment. The government requested detention and the Court scheduled a detention hearing for April 24, 2018. *United States v. Ivers*, Case No. 17-mj-139-ARS, Doc. No. 4 (Minute Entry). The Pretrial Services Office in the Eastern District of North Dakota submitted a bond report and recommended that the defendant be detained pending trial.

At the detention hearing held on April 24, 2018, the Government submitted five exhibits, each exhibit a separate prior criminal police report or complaint concerning the defendant. *United States v. Ivers*, Case No. 17-mj-139-ARS, Doc. No. 10 (Minute Entry for proceedings).[1] The exhibits generally detailed the defendant's persistent harassing communications with judges. The government's presentation of the exhibits to the court included reading various harassing statements the defendant made when calling a county judge. These statements from Government's Exhibit Two included:

- "I'm going to make sure you feel some fucking pain."
- "You're going to find out who you are fucking dealing with."
- "You're going to see who the alpha male is, you dead fuck."

(Attachment A, at minutes 3:17-3:39).

---

[1] No court reporter was present for the detention hearing, but the matter was audio recorded. A copy of that recording is attached hereto as Attachment A.

The government similarly informed Magistrate Judge Senechal of the defendant's conduct towards U.S. Marshals when they attempted to ask him about threatening a federal judge.[2] The defendant's response included punching a wall, and said: "If that Judge is having any sleepless nights, I'm happy." (Attachment A, at minute 4:55-5:00).

The defendant submitted one exhibit, a letter he wrote for the Court, and gave a lengthy testimonial to the Court. Defendant's statement attempted to undercut the reports demonstrating his pattern of threatening and abusive behavior. Defendant did not deny the truthfulness of the allegations, but countered that most of the reports did not result in convictions, and that his harassing behavior was simply "arguments in the natural course of life" and/or the fault of the "arrogant, pompous ass Judge." (Attachment A, at minutes 9:45-10:40, 11:09, 19:02). The defendant began wrapping up his presentation to the court by loudly proclaiming: "this is bullshit." (Attachment A, at minute 26:13).

At the conclusion of the detention hearing, Magistrate Judge Senechal concluded that no condition or combination of conditions would reasonably assure the safety of the community and the defendant's appearance as required, and ordered the defendant detained pending trial. *United States v. Ivers*, Case No. 17-mj-139-ARS, Doc. No. 9 (Detention Order, attached hereto as Attachment B.)

In reaching this conclusion, Magistrate Judge Senechal considered "the evidence in the pretrial services report, evidence received at the detention hearing, and arguments of counsel."

---

[2] From a review of Attachment A, it does not appear defendant objected to proceeding by proffer at the detention hearing.

(Attachment B, Detention Order, at 3).  In the written detention order, the Court found, in part, that detention was supported by the following:

- the defendant is charged with threatening to murder a federal judge and with interstate transmission of a threat to injure another;
- the defendant has engaged in conduct similar to the current charges;
- evidence of defendant's similar conduct towards law enforcement when they spoke with him at his residence;
- the defendant stated he has a "right to fight" when he had been wronged;
- the defendant provided untruthful information to pretrial services and during his initial appearance to the court in North Dakota.

(Attachment B, Detention Order at 2-3.)

On April 27, 2018, the defendant made his initial appearance and arraignment in the District of Minnesota before the honorable Judge Robert W. Pratt.  *United States v. Ivers*, Case No. 18-cr-90-RWP, (D. Minn. 2018), Doc. Nos. 8 and 9 (Minute Entry for Proceedings). The Pretrial Services Office in the District of Minnesota recommended that the defendant be detained pending trial and the Court continued his detention.  On May 4, 2018, the defendant filed his Motion for Revocation of Detention Order.  *Id.* Doc No. 20.

**II.     Standard of Review**

Title 18, United States Code, Section 3142(e) provides that a Court shall detain a defendant in advance of trial when a Court finds that no condition or combination of conditions of release will assure a defendant's appearance as required and the safety of the

community. Title 18, United States Code, Section 3142(g) provides that in making this determination:

> The judicial officer shall . . . take into account the available information concerning –
>
> (1) the nature and circumstances of the offense charged . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, . . . ; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Pretrial detention may be ordered either upon (1) a clear and convincing showing that release will result in a danger to the community, or (2) a showing by a preponderance of the evidence that release will result in a serious risk of flight. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Jurisdiction over the review of the detention order issued by the magistrate judge in the Eastern District of North Dakota lies with the district court for the District of Minnesota, rather than with a judge in the district of arrest, because this Court has original jurisdiction over the charged offenses, pursuant to 18 U.S.C. § 3145(b), which provides in pertinent part:

> (a) Review of a detention order.—If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

*See United States v. Evans*, 62 F.3d 1233, 1236-37 (8th Cir. 1995) (holding that where defendant is arrested in another district and has a detention hearing before a magistrate judge in that district, § 3145 "places the review of the magistrate judge's order in the province of the district court where the prosecution is pending, and where the bail status of the defendant ultimately will be determined during the course of that trial"); 28 U.S.C. § 636(a)(2) (authorizing magistrate judges to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial"). Accordingly, the defendant's motion is properly directed to the district court, rather than to the magistrate judge assigned to the case.

This Court reviews the magistrate judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1484-85 (8th Cir. 1985). In this case, the defendant does not appear to be objecting to the facts found by Magistrate Judge Senechal following the detention hearing. Instead, he objects to the magistrate judge's conclusion based on those facts, and he seeks to focus on other factors, such as his age. As a result, this Court can review the Magistrate Judge Senechal's order and decide the defendant's motion without a hearing. *See*, *e.g.*, *United States v. Anguiano*, Cr. No. 17-135(1) (ADM/DTS), 2017 WL 2984114, at *1-2 (D. Minn. July 12, 2017) (denying § 3145(b) motion on the papers "for the reasons stated in the Order of Detention").

### III. The Defendant's Motion To Revoke His Detention Order Should Be Denied Because No Condition or Combination of Conditions Would Reasonably Assure His Appearance in Court and Protect the Community

This Court should find that Magistrate Judge Senehcal properly concluded by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required, and properly concluded by clear and

6

convincing evidence that release will result in a danger to the community. A review of relevant § 3142(g) factors weighs in favor of the defendant's detention pending trial.

First, the charged offense involves a threat of murder, and to murder a specific identified person – a federal judge for the District of Minnesota. Clearly, this is a crime of violence. Moreover, the unique nature of an unfulfilled threat to commit murder could expose individuals to danger if the defendant is released. That is, the defendant may still seek to carry out his threat. The nature of the crime and its corresponding seriousness of danger to the named victim supports detention.

Second, the defendant's characteristics weigh in favor of detention. As presented in the bond report, the defendant has no substantial community connections in either North Dakota or Minnesota. The defendant is unemployed, lacking his own home, and is a self-described loner with no contact with any family whatsoever other than his sister. The defendant, however, appears to have used his relationship with his sister to lie to the court and probation. Specifically, the defendant claimed he was caring for his sister following heart surgery, when, as noted by Magistrate Judge Senechal, that was not in fact the case. (*See e.g.*, Attachment A, at minutes 1:00-2:00, 33:32; 37:38-38:27; 43:52-44:00; Attachment B at 3). Certainly lying to the court and probation is a compelling justification for detention. There would be no reason to believe the defendant if he promised to appear for court or to otherwise obey any conditions of release that could keep the community safe.

Third, the defendant's history supports detention. Magistrate Judge Senechal properly determined the defendant has a pattern of threatening behavior. The defendant vociferously sought to minimize these incidents by arguing that the majority of the criminal reports against

him did not result in convictions. Documentation of his repeated volatile and harassing conduct is clearly probative regardless of whether such reports ultimately resulted in convictions. Defendant is attempting to deflect from his pattern of threatening behavior and the conviction he does have: a criminal stalking by phone conviction from 2017. Indeed, the defendant's record surrounding that charge supports detention. First, according to the bond report, the defendant violated his conditional release while awaiting trial on the matter. Second, the defendant was on probation for this stalking by phone conviction at the time he threatened to murder a federal judge. If the defendant cannot remain law-abiding while on probation, there is a high probability that he will not abide by this court's conditions if released.

The defendant's disrespect for authority was clearly evident throughout his detention hearing. If the court were to release the defendant, he would need to agree to submit to the court's authority and comply with conditions and return where and when the court directed. There is no reason to believe this defendant could so submit.

The defendant has offered the Court no new facts that were unknown to the magistrate judge at the time of the detention hearing. Notably, the defendant has provided neither the Court nor Pretrial Services with any information rebutting the magistrate judges's conclusion that he provided untruthful information to the court. The defendant's factual recitation of where he went to high school, or how much prison time will result if convicted of the current charges, are simply insufficient to rebut the strength of the evidence compelling detention.

Instead of making arguments specific to the facts of the case, the defendant primarily relies on his assertion that he would pose a statistically low risk of absconding pursuant to the

criteria set forth in the monograph, "Implementing Risk Assessment in the Federal Pretrial Services System." This argument ignores all of the facts unique to the case before the Court, as discussed above, that make the defendant a substantial risk to the safety of the community and of non-appearance. The defendant has the history and characteristics of one who would fail to appear and would cause harm to the community. The Court should find by clear and convincing evidence that release would result in a danger to the community, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assure his appearance as required.

## CONCLUSION

For all of the above reasons, the government respectfully requests that the Court deny the defendant's motion for revocation of the detention order in this case.

Dated:  June 13, 2018                                  Respectfully Submitted,

ERICA MacDONALD
United States Attorney

s/ Julie E. Allyn

BY:  JULIE E. ALLYN
Assistant United States Attorney