# UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>ROBERT PHILLIP IVERS | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number: 0:18-CR-00090-001<br><br>USM Number: 17035-059<br><br>Robert Phillip Ivers (Pro Se)<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation of conditions(s) _____ of the term of supervision.

☑ was found in violation of condition(s)  1, 2, and 3  after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1. | Failure to Follow the Probation Officer's Instructions | 09/08/2021 |
| 2. | Failure to Reside at a Residential Reentry Center for 180 Days | 09/08/2021 |
| 3. | Failure to Maintain Appropriate Communication with Probation Officer | 09/09/2021 |

☐ See additional violation(s) on page 2

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 5636

Defendant's Year of Birth: 1953

City and State of Defendant's Residence:
West Fargo, North Dakota

October 18, 2021
Date of Imposition of Judgment

*Robert W. Pratt*
Signature of Judge

Robert W. Pratt, Senior U.S. District Judge
Name of Judge / Title of Judge

October 18, 2021
Date

Judgment Page: 2 of 5

DEFENDANT: ROBERT PHILLIP IVERS
CASE NUMBER: 0:18-CR-00090-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 months

☑ The court makes the following recommendations to the Bureau of Prisons:

That the Defendant be placed at FMC Rochester, and that he undergo a psychiatric/psychological examination.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____  ☐ a.m.  ☐ p.m.  on _____

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before　　on _____

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROBERT PHILLIP IVERS  
CASE NUMBER: 0:18-CR-00090-001

Judgment Page: 3 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

12 months

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ROBERT PHILLIP IVERS  
CASE NUMBER: 0:18-CR-00090-001

Judgment Page: 4 of 5

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: ROBERT PHILLIP IVERS  
CASE NUMBER: 0:18-CR-00090-001

Judgment Page: 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall properly execute the requisite release of information forms necessary to facilitate the psychological/psychiatric counseling or treatment programs ordered by the Court.

The defendant shall participate in a psychological/psychiatric counseling or treatment program, which may include an anger management program, as approved by the U.S. Probation Officer. Further, the defendant shall contribute to the costs of such treatment as determined by the U.S. Probation Office Co-Payment Program not to exceed the total cost of treatment.

The defendant shall have no contact with the victim (including letters, communication devices, audio, or visual devices, visits, or any contact through a third party) without prior consent of the U.S. Probation Officer. The defendant is prohibited from entering the Warren E. Burger Federal Building & U.S. Courthouse located at 316 North Robert Street, 100 Federal Building, St. Paul, MN 55101, without prior consent of the U.S. Probation Officer.

The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a U.S. Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

The defendant shall reside for a period of 180 days in a residential reentry center in Fargo, North Dakota, as approved by the U.S. Probation Officer and shall observe the rules of that facility.

The defendant shall maintain appropriate communication with members of the U.S. Probation Office. The defendant shall not swear, use excessive volume, use sexually explicit language, or make threats. This includes both verbal and written communication.

The defendant shall surrender his Minnesota Driver's License to the U.S. Probation Officer. The defendant shall not apply for Minnesota benefits or a driver's license unless he physically resides in Minnesota.

For the purpose of verifying compliance with any Court-imposed condition of supervision, the defendant shall be placed on a program of Stand-Alone Monitoring for a period of three years, in which he will be monitored by location monitoring with GPS technology, without a specified schedule, as directed by the U.S. Probation Officer. The defendant shall not be required to pay the costs of location monitoring.

The defendant must pay the $200 Special Assessment, to the Clerk, U.S. District, U.S. District Court 300 South 4th Street, Suite 200, Minneapolis, MN 55415. While on supervised release, the defendant shall cooperate with the U.S. Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the U.S. Probation Office. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.