IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 0:18-cr-00090 |
| v. | |
| ROBERT PHILLIP IVERS, | ORDER DENYING COMPASSIONATE RELEASE |
| Defendant. | |

Before the Court are Defendant Robert Phillip Ivers's four Pro Se Motions for Compassionate Release seeking early or medical release from prison or a stay of his sentence and his accompanying request for review of his motions. ECF Nos. 345, 346, 347, 356, 357, 358, 359. On October 18, 2021, this Court revoked Defendant's supervised release for violating the conditions of his supervision by failing to (1) follow his U.S. Probation Officer's instructions, (2) reside at a Residential Reentry Center, and (3) maintain appropriate communication with his U.S. Probation Officer. ECF No. 343. The Court sentenced Defendant to twelve months' imprisonment, to be followed by twelve months of supervised release. *Id.* In his filings, Defendant complains he is at risk of severe complications from COVID-19 due to his serious health problems and being sixty-eight years old.

The gatekeeping provision of 18 U.S.C. § 3582(c)(1)(A) created two ways for a defendant to bring a compassionate-release motion to a district court. The defendant may file a motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [(BOP)] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant has not provided any evidence that he has requested

compassionate release from the BOP nor have thirty days even lapsed from the time Defendant's supervised release was revoked. Therefore, Defendant has not satisfied this gatekeeping requirement.

Moreover, even if Defendant's Motions were ripe, the Court would deny his requested relief. The Court was aware of Defendant's serious health concerns and his advanced age as well as the ongoing global COVID-19 pandemic at the time it revoked his supervised release. Furthermore, the 18 U.S.C. § 3553(a) factors do not support release. In his recent filings, Defendant questions why he has not been given "credit" for having previously served time in prison, especially because, he contends, his supervised release violations were "relatively minor" and "alleged petty violations." Clearly, Defendant has no remorse for his actions and no respect for the law. § 3553(a)(2)(A). Thus, the "need for the sentence imposed" remains present. *Id.* Additional prison time will also provide Defendant with "needed . . . medical care." § 3553(a)(2)(D). Defendant has been offered medical care while in prison, but he has refused. The Court encourages Defendant to take advantage of available medical care while he serves his term of imprisonment. Finally, prison, even if it is a rather blunt tool, helps "protect the public" from future harms. § 3553(a)(2)(C).

Accordingly, the Court DENIES Defendant's Pro Se Motions for Compassionate Release (ECF Nos. 345, 346, 347, 356, 357, 358). Defendant's request for review (ECF No. 359) is moot.

IT IS SO ORDERED.

Dated this 4th day of November, 2021.

*Robert W. Pratt*
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT